IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREW CHINEME (ANDRE OF THE CHINEME FAMILY),<br>　　　Plaintiff,<br><br>v.<br><br>AMBER OF THE GIVENS FAMILY,<br>　　　Defendant. | § § § § § § § § § | No. 3:21-cv-01853-C (BT) |
| ANDREW CHINEME (ANDRE OF THE CHINEME FAMILY),<br>　　　Plaintiff,<br><br>v.<br><br>TERESA WEAVR OF THE EVANS FAMILY,<br>　　　Defendant. | § § § § § § § § § § | No. 3:21-cv-01856-L (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

These are *pro* se civil actions brought by Andre Chineme (Andre of the Chineme Family). For the following reasons, the Court should dismiss the amended complaint in both cases for want of prosecution under Fed. R. Civ. P. 41(b).

I.

Case Numbers 3:21-cv-1853-C (BT) and 3:21-cv-1856-L (BT) were both filed on August 9, 2021. At that time, Chineme did not pay the $402 filing fee, but he

did file a motion to proceed *in forma pauperis* in each case. Chineme refused to provide all the information necessary to complete his motions to proceed *in forma pauperis*. On August 16, 2021, the Court deemed his *in forma pauperis* motions as moot and informed him that he had to pay the $402.00 filing fee in each case by August 30, 2021. The Court warned Chineme that failure to pay the filing fee in both cases by August 30, 2021, could result in a recommendation that his amended complaints be dismissed under Federal Rule of Civil Procedure 41(b).

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Chineme responded to the Court's August 16, 2021 Orders directing him to pay the filing fee. Specifically, he returned a copy of the Court's order with "frivolous" written all over it. Case Number 3:21-cv-1853-C (BT) (ECF Nos. 8, 9); Case Number 3:21-cv-1856-L (BT) (ECF No. 8). However, Chineme failed to pay the filing fee in both cases. These cases cannot proceed until this deficiency is cured. Accordingly, the amended complaint in each case should be dismissed for want of prosecution.

2

III.

The Court should dismiss the amended complaint in both cases without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed August 31, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).